UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENISE ANN ROUSSIN,

    Plaintiff,

v.                                         Case No.:  2:20-cv-905-SPC-MRM

COMMISSIONER OF SOCIAL
SECURITY and UNITED STATES
ATTORNEY,

    Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is United States Magistrate Judge Mac R. McCoy's Report and Recommendation (Doc. 25) on Plaintiff's Unopposed Petition for EAJA Fees Pursuant to 28 U.S.C. § 2412(d) (Doc. 24). Judge McCoy recommends granting in part and denying in part the Motion. Neither party objected, so the matter is ripe for review.

After conducting a careful and complete review of the findings and recommendations, a district judge "may accept, reject, or modify, in whole or in part," the magistrate judge's R&R. 28 U.S.C. § 636(b)(1)(C). In the absence

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

of specific objections, there is no requirement that a district judge review the R&R *de novo*. *See Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Instead, when parties don't object, a district court need only correct plain error as demanded by the interests of justice. *See, e.g.*, *Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985). Plain error exists if (1) "an error occurred"; (2) "the error was plain"; (3) "it affected substantial rights"; and (4) "not correcting the error would seriously affect the fairness of the judicial proceedings." *Farley v. Nationwide Mut. Ins.*, 197 F.3d 1322, 1329 (11th Cir. 1999).

After examining the file independently and upon considering Judge McCoy's findings and recommendations, the Court accepts and adopts the R&R.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. 25) is **ACCEPTED and ADOPTED** and incorporated into this Order.

2. Plaintiff's Unopposed Petition for EAJA Fees Pursuant to 28 U.S.C. § 2412(d) (Doc. 24) is **GRANTED in part and DENIED in part**.

    a. Plaintiff is **AWARDED** $8,163.26 in attorney's fees, $400 in costs, and $22.80 in expenses.

      b. If the United States Department of Treasury determines that Plaintiff does not owe a federal debt, the Government may pay these fees and costs directly to Plaintiff's counsel.

      c. Plaintiff's request for $12.00 in paralegal fees is denied.

3. The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff for $8,163.26 in attorney's fees, $400 in costs, and $22.80 in expenses.

**DONE** and **ORDERED** in Fort Myers, Florida on April 4, 2022.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record